Okay, this is case number 4150142. And I'll ask the attorneys for the appellant and the appellee to please identify yourselves for the record. I'm Alexandra DeSantel, here for the petitioners. Excellent. Your Honor, Jeff Pease. And you'll be the only one arguing, according to my notes. Okay, you may proceed. Thank you. I don't know if I said it. I know I called the number, but it's Atkins v. Health Care Services Corp. If I forgot to indicate that. Please proceed. That's correct, Your Honor. We are here on an issue of law. There is de novo review. Everyone agrees that a judgment that lacks jurisdiction of the parties is void and may be challenged at any time. Defense counsel, in their brief, noted, agreed with that, citing the case of a state of Oster. The Supreme Court, too, recently said in LVNV funding that a judgment that lacks jurisdiction of the parties is void and may be challenged at any time. Defense counsel also acknowledged that Oster holds that a judgment is void for lack of jurisdiction if notice is not given to necessary parties. The Oster case also decides what a necessary party is. A necessary party is one whose participation is required to protect its interest in the subject matter of the controversy, which would be materially affected by its absence. In this case, both the minor children as well as future beneficiaries of Blue Cross Blue Shield policies were necessary parties. And so how would you go about notifying, at that time, future beneficiaries? Because of the fact that Blue Cross Blue Shield knows who their beneficiaries are now. I mean, this settlement was entered into in 1997. So they have records from 1997 to the present of all their beneficiaries and policyholders. So they could certainly provide notice to those people. I got the impression that you were suggesting that somehow there were people who would later take out this insurance who should have been notified or were important parties to this proceeding. Is that not your position? Yes, absolutely. Because of the fact that in other litigation, Blue Cross Blue Shield is raising the judgment that was entered in Champaign County, in this case, as a bar to those people seeking relief. And so to the extent that they are trying to hold that this determination was raised judicata as to future beneficiaries, absolutely. Those future beneficiaries, who are now current beneficiaries, have a right to notice. Before they become beneficiaries. Absolutely, at the time of entering into the policy. That would be certainly... Why couldn't we just say they're not bound by that order from how many years ago, 17 years ago or so? That would be, absolutely. That would, if you vacate the settlement and vacate the language... Well, without vacating, just say they aren't bound. They didn't get any notice. They came years later, purchased the insurance, and they're not bound by what the court said 17 years ago. We don't have to vacate or find that order void. Well, with regard to that, yes, the court could do that. That would be beneficial because at least in other litigation where it's being brought around the state, like in Joliet and in other places, where Blue Cross Blue Shield has raised the determination made in this litigation as a bar to that litigation, certainly that would indicate that because of the fact that they weren't bound. But nevertheless, Blue Cross Blue Shield is saying in that litigation that they are bound. With regard to minor... Well, to be more specific, I'm not sure the court would even have to go that far. We could just say that that order from 17 years ago is not bound, and then it would be up to persons who went to challenge it to do some future litigation, new litigation, instead of going back in time and trying to make an order void this many years later. Well, I think the court would have to make a specific finding that it is not binding on any future beneficiaries because they were not parties at the time, notwithstanding the settlement language agreement that was entered back in 1997, which did purport to bind future beneficiaries. With regard to minors, the situation is even worse. For example, just giving an example of a typical, say, $100,000 settlement for some serious auto accident injuries. And under the system that Blue Cross Blue Shield had at that time, if the billed amount of medical bills was $40,000, and Blue Cross Blue Shield acknowledged that they got reimbursement for $40,000, even though they actually paid only $20,000 pursuant to the discount arrangements that they had with the providers, that other $20,000 between the $40,000 that was billed and the $20,000 that was actually paid, that $20,000 belongs to the minors. And as the courts will recall as trial court judges, trial court judges have a special responsibility to minors in okaying a settlement to make sure that any amount of a settlement that is not going to medical bills doesn't go to the parents, but goes for the benefit of a minor. And the trial court is charged with setting up special funds and reporting and the like to make sure that the parents don't abscond with the minors' money. What happened in this case was that because the minors and the trial courts dealing with their settlements and the guardian ad litems, et cetera, were not given notice, nobody protected their interests. So that huge discount of medical bills, which typically is in the range of 50% between the billed amount and the actual amount paid, went to the parents when it belonged to the minors. They didn't get notice. And this was an incredible fraud on the court. But more importantly, it's lack of notice. And lack of notice is crucial to the jurisdiction of the court. I think that Judge Jones got sidetracked by the statements in the settlement funding case that fraud is a grounds for overturning a judgment that's more than two years old. But settlement funding case also held that a court, a judgment that is entered without jurisdiction of the parties or the subject matter, or a judgment that is entered by a court lacking inherent power to make the judgment, or where the order is obtained by fraud, is void and challengeable at any time. What settlement funding didn't really talk about was the situation where there was lack of jurisdiction. But clearly there was lack of jurisdiction over the minors because the minors and their GALs and the courts taking care of their settlements did not get notice. And without notice, as the Austern case makes clear, a judgment is void and may be challenged at any time. And so that's where Judge Jones went off the track because he was thinking, well, I've got to see this. I've got to find fraud. Well, the judge didn't have to find fraud. There was a lack of notice. Clearly that was admitted. The minors didn't get notice and obviously the future beneficiaries did not get notice. And yet they were bound by that judgment. And there are still minors out there, disabled persons, who still could come in and challenge that because they did not get notice. And so for that reason, we believe that Judge Jones erred. You started the Austern case a couple of times. Was that a class action? No, Your Honor, it wasn't. But what it dealt with was two beneficiaries of a trust that did not get notice. And the court said that because those beneficiaries did not get notice, that the court was without jurisdiction. So the only distinction between Austern and our case is simply that it was a class, our case is a class action. But clearly the same thing applies. Like, for example, with regard to even the original plaintiffs in this case, there were some minors who got a settlement. And the defense counsel said, oh, well, the parents don't have any independent interest of their children. Well, clearly that's not the case. With regard to settlements, any money that doesn't go to medical bills belongs to the child. And exclusively to the child and not to the parent. But this agreement gave that money to the parents, which was clearly a violation of the Probate Act and case law going back for more than almost 140 or 50 years. So, I mean, it was clearly without jurisdiction to enter that. Do you have any case that voids a class action suit because of the lack of notice? Any case that says that or has done that? I'm not aware of any case right now, but in terms of, it shouldn't matter, because in a class action, each person who's a member of the class is entitled to the same duty. The same disposition and the same, their rights are equally at fault. It's just that there's a particular member that's supporting them. But indeed, at that time, there was, there were minors whose interests were affected, i.e., because of the fact that they talked about reimbursements. And the reimbursements in the settlement that was agreed to in 1997 went to the parents when they didn't belong to the parents. They belonged to the children. You cited the United States Supreme Court in Hansberry, correct? Yes. And in that case, the Supreme Court did not void the prior order because of lack of notice. Is that correct? What happened in that case is the court said that the, that case was dealing with patents and it said that the, it said that it would, with regard to the persons who, who, you know, were not given notice were given, were able to challenge it. I don't believe it wasn't a class action suit. With regard to the issue of, of, of standing, the, the trial court did appropriately find that under the HURL vote case, a non-party has standing if they are privy to the record and will be injured by the judgment. Clearly the future beneficiaries were injured by the judgment because of the fact that they are being precluded from challenging this new methodology because of the fact that the, the existing there is other litigation pending in the state and, and this judgment that was entered in this case is being raised as a bar to their proceeding. And so those people are indeed, they have standing to raise that issue as Judge Jones appropriately found. Any more questions? I don't see any, but you'll have rebuttal. Okay, thank you. Mr. Tice. Good morning, Your Honors. May it please the public that Judge Jones has a similar name that's pronounced differently. She has a lot more clout than I do. You can't be a U of I grad without knowing the proper pronunciation of your name. That's true. Thank you. Your Honors, I represent Blue Cross Blue Shield in this case. It is uncontroverted that the petition herein was not filed within the two-year time period required by 1401. What I'd like to focus on is the question of whether there are any exceptions that would justify not requiring the strict two-year time period. As the court, as the court knows, under 2-1401C, the two-year limit may be extended during a period where the petitioner is under legal disability or duress or the ground for relief is fraudulently concealed. Petitioners claim that the settlement was void ab initio for several reasons. It's purported, it is a violation of the right of the petitioner's subscribers or insureds who acquired coverage between the date of the entry of the judgment and 2011. 2011, parenthetically, is the date that Blue Cross was obligated to continue to adopt the prospective relief in the case. So that's why the petitioners have used that date. Secondly, they complain that it purported to settle the claims of minors and disabled persons. These claims are for three reasons. First, petitioners did not adequately allege that the trial court lacked jurisdiction or the inherent power to enter the judgment. And that is the holding of settlement funding. I want to spend a moment talking about settlement funding because it's interesting that counsel spent so much time raising what I think is a straw man argument about jurisdiction and how settlement funding speaks to the degree that it does. Because that's what we are here to discuss today is whether or not settlement funding supports the idea that you can have a fraud on the court without it impacting jurisdiction. This was a structured medical malpractice settlement case. And the settlement documents in the underlying medical malpractice case had anti-assignment language. So in other words, it said that the beneficiary of that structured settlement could not assign the payment stream to others. Despite that language, the injured party, the victim in the medical malpractice incident, went ahead and did assign it to a third party, presumably to get upfront cash. Under the Illinois Structured Settlement Protection Act, the third party, known as settlement funding, was required to get approval of the assignment from the circuit court. Settlement funding petitioned the court and asked for that authority, but failed to tell the trial judge that there was anti-assignment language in the underlying settlement documents. The significance of that is that when the trial court proceeded with approving that assignment, it did so effectively without jurisdiction. And had the court known about that anti-assignment language, then the court would not have approved it. And as such, in settlement funding, the fourth district, by way of a panel from the fifth district, held that the 1401 petition should have been granted. The third party should have informed the trial court about this language, which spoke to whether or not the court had jurisdiction in the first place. So settlement funding is precisely about jurisdiction. The trial court herein, Judge Jones, correctly held that the petitioners did not allege any type of fraud, let alone what I believe settlement funding requires, which is an allegation of fraud relating to the court's jurisdiction over the case. From settlement funding, only an allegation of fraud that prevents the court from acquiring jurisdiction, or merely provides colorable jurisdiction, supports a claim that the judgment is void ab initio. Second, it is extraordinary to suggest, as petitioners do, that fraud is not an allegation of fraud, but that future insurers are bound by the settlement. Counsel, a moment ago, referred to other cases where Blue Cross has claimed that, that there are future insurers that are bound by what happened in the Ager case. And I am at a loss to know those other cases. In fact, I would argue the opposite. Blue Cross was bound by the settlement. Those defined in the class were bound by the settlement. But future insurers were not bound by the settlement. And as was stated by the court earlier, those individuals would be free to challenge Blue Cross's practices at a different time. There would be no res judicata that would affect them in any sense. One of the unknowable individuals, this speaks to Justice Kavanaugh, is a petitioner, who purchased his Blue Cross insurance more than 10 years after the settlement agreement was entered. Under the statute, first of all, the notice requirement, and this is under 2-806, is that notice of the class action settlement must be provided, quote, as the court may direct. Well, what happened in the Blue Cross Ager case? This situation involved individual notice. The court may not be able to provide a notice to all reasonably identifiable class members. It also involved notice in 16 newspapers around the state. And at the time, the trial court found that, quote, the notice to the class contained in the settlement agreement, as amended and as implemented pursuant to the court's preliminary order of approval, comported with all due process requirements, and among other things, adequately advised members of the class to meet the applicable deadlines and the claims process. Query, what else could you do under the circumstances? Who else could you notify than those that are defined by the class? To do what petitioners want would be to create a de facto notice requirement for so-called future class members. And as we said in our brief, practically speaking, that would turn class action litigation on its head. How could you settle a case involving prospective relief if you had to give notice to people that you don't even know might one day end up benefiting from the prospective relief? So the facts, I think, are clear about what was at the root of this particular settlement. And one of the mechanisms for settling the case was to address the points that counsel raised about the issue of how these discounts would be addressed. These are the kinds of discounts that would be addressed by the trial court in the case of a case involving prospective relief. The first is that the trial court would not be able to provide certain notices to certain providers. Third, the allegations made that the trial court failed to follow certain procedures and provide certain notices do not constitute the kind of fraud that settlement funding contemplated. And as Judge Jones noted in the court from, quote, acquiring jurisdiction and or merely provided colorable jurisdiction, these allegations were just not sufficient to do that. The trial court correctly determined that the petitioners did not adequately allege that the judge was defrauded with regard to minors. As an aside, these are health insurance products. And the typical scenario is where a member of the family obtains health insurance, often include the family. And that's what we're talking about here in the criticism that has been raised by counsel. Petitioners have not established even one minor that would have an interest separate and apart from his or her parents. Petitioners have not alleged a single instance where a minor or incompetent person with rights or obligations that were compromised by this settlement and the judgment order. Nor have petitioners identified any procedures that the Yaeger court improperly failed to take with respect to minors. The cases the petitioners cite do not aid in identifying any such procedures. And I can speak from personal experience because I was one of the lawyers that handled this case. I was a younger lawyer then. And I can tell you that this was a several-year process of vigorous litigation, including as to the ultimate settlement and how the process would be followed to resolve it, which it was resolved in the end. There is simply no evidence that the trial judge was defrauded in any respect about minors. The record is quite clear that Judge Miller was very aware of the scenarios that I just described. The typical scenario, we had two people that were named plaintiffs in the case who had children who were covered. And that was not the case in the documents. So Judge Miller was not defrauded in the slightest over what scenarios were involved. For all of these reasons, the petition is time-barred. Again, it was filed well after the two-year limit, and there has been no evidence of the sorts of situations that would excuse going beyond the two-year time period. As the court knows, we've also raised an alternative argument. And that is standing. There are two petitioners, Atkins and Schacht. And I'll start with Mr. Atkins. Petitioner Edward Atkins clearly has no standing under 2619A9. He had no legally cognizable interest to pursue the relief sought in the First Amendment petition, as he was clearly not a member of the class, as mentioned before. He did not acquire his insurance until ten years later. The trial court's reading of Holbert on the issue of standing, which I believe Justice Turner authored, was too broad. The trial court held that both Atkins and Schacht, and I'm quoting, can, I think, assert that they are injured by the judgment, such that they would derive material benefit from its reversal. The problem is that under 1401, it was never intended to permit a person, not a party, to the final judgment and reopen the suit so as to permit a new claim to be filed. That's the In Re J D case that we cite. Unlike the petitioner in Holbert, which was potentially liable for the judgment it sought to vacate, Atkins claims that he retroactively and by choice incurred an injury in a decade-old class action judgment. Now, under the trial court's reading of Holbert, anyone could seek relief from a closed class action judgment by creating an injury for himself years after the fact. That reading is not right. Atkins does not fall within Holbert's very narrow exception to the general rule that non-parties like Atkins do not have standing to vacate the judgment. Petitioner Mark Schacht, he has no standing as to claims brought as parent and next friend. And the reason for that, and this is all recited in the facts, is that he apparently had three children, only one of whom is a minor, and that child was not born at the time the class was defined. So what we're left with are two children who are now adults. And Mr. Schacht is not permitted to raise a claim on behalf of his adult children. If these individuals have a claim, they need to raise it in their own right. As a consequence, Mr. Atkins does not have standing in any respect. And Mr. Schacht does not have standing as parent and next friend for those individuals. Lastly, petitioners have raised an item for the first time on the appeal, and that concerns this tolling of the statute of limitations until the children would have reached the age of majority. First of all, there's no authority for that in this context, and that's been raised for the first time, and I think the argument has been waived. And the last point that I want to make is that there's an interesting irony that's being raised in petitioners' papers, and it has to do with Mr. Schacht. They are concerned that Mr. Schacht is, that he is wanting to be the representative of his children, as if that's permissible. And whether it is or it isn't isn't so much the point. The point is that there are class representatives that were vetted 17 years ago who were qualified to represent the interests of the class. And so on the one hand, they argue that Mr. Schacht can do this today on behalf of his own children, on behalf of somebody else, a minor. But 17 years ago, the class representatives were incapable of doing it on behalf of all the individuals of the class, which included minors. And I find that ironic. And of course, Judge Miller did an exhaustive review of whether these individuals were capable of serving as class representatives, and found them to be so capable. So unless the Court has any questions. All right, seeing none, thank you, Mr. Thies. Thank you very much, Judge. Rebuttal. Yes, Your Honor. If you look at paragraph 32 of the settlement funding case, paragraph 32 of settlement funding indicates three grounds for which a judgment is void and can be overturned at any time. And that is, the first option is if it's entered into the settlement without jurisdiction of the parties or the subject matter. Now, on the facts of settlement funding, the Court did indeed have jurisdiction over the parties. The parties, all the relevant parties were before the Court. So the only way that the Court was going to overturn the outcome in that case is if the judgment was obtained by fraud. We are not going to overturn the judgment by fraud. We don't have that situation here because the minors' interests were not represented before the Court. There weren't any GALs appointed for the minors, and the trial court judges that were handling their settlements across the State were not apprised of that. And those minors who had settlements that, again, as the example I raised, a $40,000 payment for medical bills was told to the trial courts and to the GALs handling those settlements when, in fact, the only payment made for medical bills was $20,000. So that means that every minor got gypped in that instance of $20,000. And that's the only way that the Court was going to overturn the judgment. And the trial courts handling those settlements were deceived. And what happened, because of the fact that the minors' interests weren't represented, the parents pocketed that money. And that was inappropriate. That goes against case law for 150 years. So that is just not accurate to say that. With regard to the issue of the tolling, plaintiffs' counsel did indeed raise the tolling issue. And I could cite to the Court the memorandum response to combined motion to dismiss First Amended Verified Petition, which we filed on January 16th of 2015, in which at page 14 we said, defendant also fails to address the fact that some of those minors or disabled persons it reportedly compromised remain disabled. As such, this Court has not lost jurisdiction to reexamine the 1996 settlement or the 1997 order for purposes of protecting their rights. Those disabled persons could still today come in and vacate the settlement. And we raised that in front of Judge Jones. It's also not ironic that we bring parents that SHAP is bringing this as next friend. Parents can always bring a lawsuit for the benefit of their children. The problem is they cannot settle a lawsuit for the benefit of their children. It must be done with court approval in which the court is not looking at the parents' interests, but is looking in fact at the children's interests. One other thing I want to mention, we did indicate litigation that is pending elsewhere involving Blue Cross Blue Shield. I mentioned the case of Bradley v. Healthcare Service Corporation, number 13CH1. 01080. And that was referenced again at page 6, note 2 of the same memorandum, which indicates, again, some of the litigation that is pending around the state which this Court can take judicial notice of. And so that is why it is very important for it to be declared that beneficiaries that came in after 1997, who were not eligible for the benefit of their children, particularly 1997 through 2011, and now apparently Blue Cross has tried to extend that new methodology beyond that time, are not bound because Blue Cross Blue Shield is attempting to raise that. Has an order been entered indicating that they are bound, that the beneficiaries are bound by that? Has any court ruled in that way? It is my understanding the issue is still pending. It has not been resolved. Okay. Thanks to both of you. The case is submitted and the Court stands in recess.